United States District Court
District of New Jersey

RECEIVED-CLERK
U.S. DISTRICT COURT

2004 SEP 30  A 9: 07

JIHAD GARRETT
              Plaintiff,

Civil Action No. 04-4058 (FSH)

- against –

ESSEX COUNTY DEPARTMENT
OF CORRECTIONS;
JOSEPH N. DIVINCENZO
ESSEX COUNTY EXECUTIVE;
ANTHONY PAGLUCCI, WARDEN
DIRECTOR OF ESSEX COUNTY JUVENILE
DETENTION CENTER;
KEITH ALI, WARDEN
DIRECTOR OF ESSEX COUNTY JAIL &
ESSEX COUNTY JAIL ANNEX;
CORRECTION OFFICERS JOHN
DOE I, JOHN DOE II, JOHN DOE III,
JOHN DOE IV, JOHN DOE V, JOHN DOE VI,
JOHN DOE VII JOHN DOE VIII JOHN DOE IX

PLAINTIFF'S
FIRST
AMENDED COMPLAINT

Each individually and in his/her official
        capacity,

        Defendants.

      Plaintiff, JIHAD GARRETT, by his attorneys, STEVENS, HINDS & WHITE,

P.C., complaining of the acts of Defendants, states as follows:

### Preliminary Statement

1. This is a 42 U.S.C. § 1983 civil rights action in which plaintiff alleges that defendants violated his constitutional rights protected under the eighth and fourteenth amendment of the United States Constitution, and his rights

protected under the laws and Constitution of the State of New Jersey. The plaintiff seeks compensatory and punitive damages.

## Jurisdiction

2. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 as this is an action arising under the Constitution of the United States and 28 U.S.C. § 1343 to redress violations of rights.

3. The plaintiff also invokes this court's pendent jurisdiction pursuant to 28 U.S.C. § 1367(a), "over any and all state law claims and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy."

## Venue

4. Venue is conferred upon this court pursuant to 28 U.S.C. § 1391(b)(1) and (2) since, upon information and belief, at least one defendant resides in the judicial district and all defendants reside in the State of New Jersey, and a substantial part of the events or omissions giving rise to the action occurred in the state.

5. Venue is further conferred upon this court pursuant to 28 U.S.C. § 1391(c) since defendants that are corporations are deemed to reside in the judicial district in which they are subject to personal jurisdiction at the time the action is commenced.

## Parties

6. Plaintiff, JIHAD GARRETT, is a United States citizen of African American descent, residing in the State of New Jersey.

7. Defendant ESSEX COUNTY DEPARTMENT OF CORRECTIONS, was at all times mentioned herein, a governmental agency in the County of Essex, State of New Jersey.

8. Defendant JOSEPH N. DIVINCENZO, ESSEX COUNTY EXECUTIVE, was at all times mentioned herein, responsible for the promulgation of policies and administration of the Essex County Juvenile Detention Center, Essex County Jail and Essex County Jail Annex in the County of Essex, State of New Jersey, and at all relevant times in this complaint, was acting under color of law. He is being sued in his official and individual capacity.

9. Defendant ANTHONY PAGLUCCI, WARDEN was at all times mentioned herein the Director of Essex County Juvenile Detention Center and was acting under color of law. He is being sued in his official and individual capacity.

10. Defendant KEITH ALI, WARDEN was at all times mentioned herein the Director of Essex County Jail and Essex County Jail Annex and was acting under color of law. He is being sued in his official and individual capacity.

11. Defendants CORRECTION OFFICERS JOHN DOE I to JOHN DOE IX, were at all times mentioned herein, corrections officers at Essex County Juvenile Detention Center, Essex County Jail and/or Essex County Jail

Annex. They were acting under color of law as employees of the County of Essex and under the supervision of County Executive Joseph N. DiVincenzo, Warden Anthony Paglucci or Warden Keith Ali. They are being sued in their official and individual capacities.

### As a First Cause of Action

12. On information and belief, in July and August 2002, it was the custom, policy or practice at the Essex County Juvenile Detention Center to transfer juveniles to the adult facilities of the Essex County Jail and Essex County Jail Annex to ease overcrowding at the Essex County Juvenile Detention Center or at the request of juvenile detainees to be waived up to the adult courts to facilitate bail.

13. On information and belief, it was the custom, policy or practice of the Essex County Jail and Essex County Jail Annex to house the transferred juveniles on specifically designated floors, separate and apart from adults charged with or convicted of crimes.

14. Plaintiff, then a juvenile 17 years old, was detained in the Essex County Juvenile Detention Center from June 26, 2002 and then subsequently on or about August 13, 2002, was transferred to the Essex County Jail, an adult facility. Following this transfer, plaintiff was again transferred to the Essex County Jail Annex, which was also an adult facility.

15. At all times relevant to this complaint, defendants ESSEX COUNTY DEPARTMENT OF CORRRECTIONS, DIVINCENZO, PAGLUCCI, ALI,

and corrections officers JOHN DOE I to JOHN DOE IX were responsible for the safety and well-being of all inmates at the Essex County Juvenile Detention Center, Essex County Jail and/or Essex County Jail Annex.

16. At all times relevant herein, each defendant acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

17. On or about August 13, 2002, due to negligence or wanton disregard for the safety of plaintiff, defendants PAGLUCCI, ALI, corrections officers JOHN DOE I to John DOE IX failed to place plaintiff on the specially designated juvenile floor in the Essex County Jail. Instead defendants negligently and recklessly transferred plaintiff upstairs to the adult facility of the Essex County Jail, thereby placing plaintiff in a situation which posed an unreasonable and substantial risk of harm to him. At no time during the transfer did defendants exercise any prudence to verify whether plaintiff in fact was an adult.

18. Plaintiff was terrified when he found himself with adult prisoners who proceeded to order him to wash their clothes, clean their rooms or bully and intimidate him in other ways.

19. Defendants corrections officers JOHN DOE IV to JOHN DOE IX failed to adequately patrol the facility or monitor the activities of the inmates and therefore failed to notice that plaintiff was being terrorized by the adult inmates and was in a state of shock and apprehension.

20. On or about August 19 or August 20, 2002, in the afternoon after lunch, an adult inmate, in an attempt to bully and intimidate plaintiff, picked a fight

with him and viciously beat him with his fists about his face and head. Plaintiff sustained bruises and contusions of his face and eyes as a result of the beatings. Fearful of retaliation, plaintiff did not report the incident.

21. Defendants corrections officers JOHN DOE IV to JOHN DOE IX's failure to adequately patrol the facility or monitor the activities of the inmates caused plaintiff's injuries. These defendants further failed to notice plaintiff's injuries sustained as a result of the beatings.

22. Two days later, on or about August 21 or August 22, 2002, in the evening after dinner, plaintiff was attacked by eight adult inmates at the Essex County Jail or Essex County Jail Annex while he was using the telephone. Plaintiff retreated into his room and was chased by the eight adult inmates who jumped on him and beat him so viciously and severely that plaintiff lost consciousness.

23. Defendants corrections officers JOHN DOE IV to JOHN DOE IX's failure to adequately patrol the facility or monitor the activities of the inmates caused plaintiff's injuries at the hands of the eight adult inmates on the evening of August 21 or August 22, 2002.

24. Defendants corrections officers JOHN DOE IV to JOHN DOE IX failed to timely intervene and stop the attack and beating of plaintiff at the hands of the eight adult inmates, resulting in grievous injury to plaintiff.

25. The beating upon plaintiff, then a juvenile, was so severe as to rupture plaintiff's kidney(s) and lung(s).

26. Defendants corrections officers JOHN DOE IV to JOHN DOE IX's failure to adequately patrol the facility or monitor the inmates rises to the level of reckless disregard since, plaintiff laid unconscious in his severely injured state for the whole night without any medical first assistance.

27. The following morning, plaintiff regained consciousness and with a swollen face, and without any assistance from the prison guards, dragged himself to see the prison's nurse. Plaintiff's condition was so severe that he was immediately hospitalized and emergency operation was performed to save his life.

28. Plaintiff remained in hospital for about three weeks or more. Upon his return to the Essex County Jail, he was housed this time in the specifically designated juvenile floor of the Essex County Jail, separate and apart from the adult inmates.

29. The acts and omissions of defendants ESSEX COUNTY DEPARTMENT OF CORRECTIONS, DIVINCENZO, PAGLUCCI, ALI, and corrections officers JOHN DOE I to JOHN DOE IX proximately caused plaintiff to needlessly sustain permanent injury, pain, suffering and mental anguish, which required prolonged medical treatment.

30. These acts and omissions of defendants, acting under color of law, deprived plaintiff of rights secured to him under 42 U.S.C. § 1983 and constituted unnecessary and wanton infliction of pain and cruel and unusual punishment, prohibited by the eighth and fourteenth amendments to the United States Constitution.

### As and for a Second Cause of Action

31. Plaintiff repeats and realleges paragraphs 1-30 of the complaint.
32. Defendants PAGLUCCI and ALI knew or should have known that special measures were needed to house plaintiff and other juvenile inmates, separate and apart from adult inmates but defendants PAGLUCCI and ALI failed to take such measures, resulting in plaintiff being placed in an adult facility.
33. Defendants PAGLUCCI and ALI are liable for violating the laws of the State of New Jersey to wit N.J.S.A. 2A:4A-37.c.

### As and for a Third Cause of Action

34. Plaintiff repeats and realleges paragraphs 1-33 of the complaint.
35. Defendant ALI's failure to adequately train and supervise correction officers JOHN DOE IV to JOHN DOE IX resulted in plaintiff, a juvenile being housed with adults and subsequently being attacked and viciously beaten by said adult inmates.
36. This omission of defendant ALI violates plaintiff's due process rights.

### As and for a Fourth Cause of Action

37. Plaintiff repeats and realleges paragraphs 1-36 of the complaint.

38. Defendants ESSEX COUNTY DEPARTMENT OF CORRECTIONS and DIVICENZO had a duty to ensure that juveniles were in fact housed in separate facilities apart from adults at the Essex County Jail and Annex.

39. Defendants DIVICENZO, PAGLUCCI and ALI had a duty to establish and enforce rules and procedures to ensure the protection of plaintiff and other inmates at the Essex County Jail and Annex.

40. Defendant PAGLUCCI had a duty to adequately train and supervise all corrections officers, including defendants JOHN DOE I, JOHN DOE II and JOHN DOE III.

41. Defendant PAGLUCCI failed in his duty to adequately train and supervise defendants JOHN DOE I, JOHN DOE II and JOHN DOE III in the protection of juvenile prisoners, including plaintiff.

42. Defendant ALI had a duty to adequately train and supervise all corrections officers, including defendants JOHN DOE IV to JOHN DOE IX.

43. Defendants ALI failed in his duty to adequately train and supervise defendants JOHN DOE IV to JOHN DOE IX in the protection of juvenile prisoners, including plaintiff.

44. The injuries sustained by plaintiff were proximately caused by the failure of defendants ESSEX COUNTY DEPARTMENT OF CORRECTIONS and DIVINCENZO to ensure that juveniles were housed in separate facilities apart from adult inmates.

45. The injuries sustained by plaintiff were proximately caused by the failure of defendants DIVICENZO, PAGLUCCI and ALI to establish and enforce

rules and procedures to ensure the protection of plaintiff and other juvenile inmates.

46. The injuries sustained by plaintiff were proximately caused by the failure of defendants PAGLUCCI and ALI to properly train and supervise defendants corrections officers JOHN DOE I to JOHN DOE IX in the protection of juvenile prisoners.

**WHEREFORE**, plaintiff demands an award of actual damages in the amount of $1,000,000 and punitive damages in the amount of $5,000,000 against each defendant together with reasonable attorneys fees and costs as well as such further, other and different relief as this Court deems just. A jury trial is hereby demanded on all issues triable by jury.

LENNOX S. HINDS (8196)
Attorney for Plaintiff

42 Van Doren Avenue
Somerset, N.J. 08873

STEVENS, HINDS & WHITE, P.C.
116 West, 111 Street
New York, N.Y. 10026
(212) 864-4445

JS 44
(Rev. 5/85)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JIHAD GARRETT

## DEFENDANTS
ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ET AL.,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: ESSEX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ESSEX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LENNOX S. HINDS
STEVENS, HINDS & WHITE, P.C.
116 WEST, 111 ST; NY, NY 10026
212 864 4445

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
[X] 2 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
(Civil Rights) [X] 440 Other Civil Rights

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
ACTION TO REDRESS WRONGS COMMITTED UNDER 42 U.S.C. §1983, 8th & 14th AMENDMENTS TO THE U.S. CONSTITUTION & NEW JERSEY LAWS.

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] YES

## VIII. RELATED CASE(S) IF ANY

DATE: SEPT. 27, 2004

FOR OFFICE USE ONLY